UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:10-CV-217-KSF

T. S., et al.                                                              PLAINTIFFS

vs.                             **OPINION AND ORDER**

JOHN DOE, et al.                                        DEFENDANTS

\* \* \* \* \* \* \* \*

This matter is before the Court on the motion of Defendants J. Ronald Haws and A. Hasan Davis to dismiss Plaintiffs' Complaint on grounds of immunity under state and federal law. The Court has considered the briefs of the parties and, for the reasons stated below, the motion will be granted.

I.     **BACKGROUND**

Plaintiffs brought this federal civil rights and state tort claims action against two individual guards at the Breathitt Regional Juvenile Detention Center ("BRJDC") and against Jay Ronald Haws, Commissioner, Kentucky Department of Juvenile Justice ("DJJ"), and Hasan Davis, Deputy Commissioner of Operations, DJJ. [DE 3]. The four defendants were named individually and in their official capacity.

Plaintiffs alleged they attended a middle school graduation party at a private home, where certain juveniles consumed alcoholic beverages. City of Hazard law enforcement officers gave breathalyzer tests at the home, after which Plaintiffs were arrested and taken to a local hospital for blood tests. A Perry County District Judge ordered that Plaintiffs be detained at BRJDC. They were charged with underage drinking. [*Id.* at ¶¶ 10-13, 19]. Upon arrival at BRJDC, Plaintiffs were fingerprinted and then separately taken to shower areas where they were required to remove their clothing. K.S. protested the directive to remove her clothing. Lice medicine was applied to each

Plaintiff's hair. The location of J.S.'s scars and tattoos was plotted on a sheet of paper. A guard walked slowly around each nude juvenile for about five minutes. At the time of these events, K.S. was fourteen years old, and J.S. was fifteen. [*Id.* at ¶¶ 14-17].

Plaintiffs further alleged, upon information and belief, that "Defendants Haws and Davis have repeatedly failed to adequately train their employees and/or properly investigate and discipline their employees...." [*Id.* at ¶ 22]. Based on the foregoing allegations, Plaintiffs allege violations of United States Constitutional Amendments IV and XIV; negligence, invasion of privacy, assault, false imprisonment and arbitrary action under Sections 2 and 3 of the Kentucky Constitution; grossly negligent infliction of emotional distress, intentional infliction of emotional distress; and deliberate indifference to their constitutional rights. [*Id.* at Counts I - VI].

## II. ANALYSIS

### A. Motion to Dismiss Standard

Plaintiffs rely heavily on the *Conley v. Gibson*, 355 U.S. 41 (1957) standard that a motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. That standard was abrogated three years ago in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The current standard requires "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) elaborated on the factual requirement as follows:

> As the Court held in *Twombly*, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement. ...
>
> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

2

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. ... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "shown" – "that the pleader is entitled to relief."

*Id.* at 1949-50, quoting *Twombly*, citations omitted.

### B. No Vicarious Liability

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

Plaintiffs' only allegation against Haws and Davis is as follows:

> Upon information and belief, during their tenure as Commissioner, Kentucky Department of Juvenile Justice, and Deputy Commissioner of Operations, Kentucky Department of Juvenile Justice, respectively, Defendants Haws and Davis have repeatedly failed to adequately train their employees and/or properly investigate and discipline their employees – including Defendants Harvey and Gabbard – concerning reports that their employees, at various times, have conducted unlawful strip searches against underage arrestees in Breathitt County, Kentucky.

[DE 3 at ¶ 22]. This allegation is frightfully close to being a "threadbare recital ... supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. It is not necessary to decide that issue, however, as Plaintiffs' claim fails under the immunity analysis below.

### C. Eleventh Amendment Immunity for Federal Official-Capacity Claims

"[A] State is not a 'person' within the meaning of § 1983" and, therefore, § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66 (1989). "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect." *Id.* at 66.

"Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Id.* at 71. The Plaintiffs' only § 1983 claim against Haws and Davis is contained in Count VI of the Amended Complaint and relates to the Paragraph 22 allegation of their inaction *in their official capacities* as Commissioner and Deputy Commissioner of the Department of Juvenile Justice, a state agency. There are no factual allegations or claims referencing any conduct by Haws and Davis in their individual capacities. These defendants cannot be sued in their official capacity for monetary damages under § 1983 because such a claim is a suit against their office and "a State is not a person within the meaning of § 1983." *Id.* at 65.

Plaintiffs rely on *DeMerrell v. City of Cheboygan*, 206 Fed. Appx. 418 (6th Cir. 2006), *Turner v. City of Taylor*, 412 F.3d 629 (6th Cir. 2005), and *Marchese v. Lucas*, 758 F.2d 181 (6th Cir. 1985), to argue that liability may be imposed on government officials in their official capacity where the conduct constitutes deliberate indifference. The flaw in this argument is that the cited cases all involve an analysis of qualified immunity for local government units, rather than the absolute immunity of state officials. "The absolute immunity from suit afforded to the state also extends to public officials sued in their representative (official) capacities, when the state is the real party against which relief in such cases is sought." *Yanero v. Davis*, 65 S.W.3d 510, 518 (Ky. 2001).

Even if the qualified immunity context were applicable, which it is not, the Sixth Circuit has held that supervisor liability in a § 1983 action "must be based on 'active unconstitutional behavior,' and that a mere failure to act was not sufficient." *Doe ex rel. Doe v. City of Roseville*, 296 F.3d 431, 440 (6th Cir. 2002). Absent allegations that "the supervisors had 'participated, encouraged, authorized or acquiesced in' the offending conduct, we held that the supervisors had, as a matter of law, 'neither committed a constitutional violation nor violated a clearly established right.'" *Id.*, quoting *Shehee v. Luttrell*, 199 F.3d 295 (6th Cir. 1999). To establish a causal connection, there

must be "widespread abuse sufficient to notify the supervising official [and it] must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Plaintiffs' allegations fall far short of this standard. Accordingly, Plaintiffs' federal § 1983 claims against Haws and Davis in their official capacity will be dismissed.

### D. State Official-Capacity Claims

Plaintiffs allege various state law claims against the individual guards at BRJDC, but do not include Haws and Davis in those allegations. [Counts I-V]. In Count VI, Plaintiffs make conclusory allegations of "deliberate indifference" by Haws and Davis, "which resulted in the Constitutional violations and tortious conduct described in Counts I, II, III, IV, and V of Plaintiffs' first Amended Complaint...." To the extent this allegation might be sufficient to allege state-law claims against Haws and Davis, the Court will briefly address it. However, the claims are alleged pursuant to § 1983 [DE 3 ¶ 45] and fail for the same reasons noted above.

Under Kentucky law, state agencies possess governmental immunity when the action is based on the agency's performance of a governmental function. *Yanero*, 65 S.W.3d at 519. The allegations in the present case involve a search by employees of a juvenile pretrial detention facility. The incarceration and detention of persons accused of committing crimes is one that "traditionally has been exclusively performed by the government." *Sarro v. Cornell Corrections, Inc.*, 248 F.Supp.2d 52, 60 (D.R.I. 2003). Kentucky's DJJ is required to enforce the statutory requirements for operation of such facilities. KRS 15A.240.

Public officials sued in their official capacity have the same immunity that would be possessed by the public agency under similar circumstances. *Yanero*, 65 S.W.3d at 522. *See also Autry v. Western Kentucky University*, 219 S.W.3d 713, 717 (Ky. 2007) ("If a state agency is deemed to have governmental immunity, its officers or employees have official immunity when they are sued in their official or representative capacity."). Accordingly, any state law claims alleged against Haws and Davis must also be dismissed.

III. CONCLUSION

**IT IS ORDERED** that the motion to dismiss Plaintiffs' claims against Defendants J. Ronald Haws and A. Hasan Davis [DE2] is **GRANTED.**

This August 27, 2010.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge