UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON


CIVIL ACTION NO. 5:10-CV-217-KSF


T. S., et al.                                                                              PLAINTIFFS


vs.                                          **OPINION AND ORDER**


JOHN DOE, et al.                                                                DEFENDANTS

* * * * * * * *


This matter is before the Court on the motion of Defendants, Mitchell Gabbard and Rebecca Harvey, to dismiss all claims against them [DE 11]. The Court has considered the briefs of the parties and, for the reasons stated below, Defendants' motion will be granted as to the official capacity claims, the claim for money damages for violations of the Kentucky Constitution, and the claim of Intentional Infliction of Emotional Distress (IIED). For all other claims, the motion to dismiss will be denied.

I.      **BACKGROUND**

The general background facts of this case are set forth in this Court's August 27, 2010 Opinion and Order [DE 12] and are incorporated herein by reference. The supplemental facts relevant to this motion are that the original Complaint filed on June 1, 2010 named John Doe and Jane Doe at the Breathitt County Detention Center. [DE 1]. The alleged unconstitutional searches took place on June 3, 2009. [Complaint ¶¶ 13-15, 17]. On July 26, 2010, Plaintiffs filed a First Amended Complaint [DE 4] naming Mitchell Gabbard and Rebecca Harvey as defendants in place of the previously named Does. Summons were issued to Gabbard and Harvey on July 27, 2010. Gabbard and Harvey filed affidavits stating they did not have notice of this action before June 3, 2010. The parties agree that the applicable statute of limitations for Plaintiffs' claims, other than IIED, is one year.

## II. ANALYSIS

### A. Motion to Dismiss Standard

To withstand a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007);*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). This new *Iqbal/Twombly* standard "is designed to also screen out cases that, while not utterly impossible, are 'implausible.'" *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,*550 U.S. at 555. *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (same). In ruling upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), all of a plaintiff's allegations are presumed true, and the complaint is construed in the light most favorable to the plaintiff. *Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710, 716 (6th Cir. 2005). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Iqbal*, 129 S.Ct. at 1949.

### B. Eleventh Amendment Immunity for Official-Capacity Claims

Defendants Gabbard and Harvey incorporate by reference the arguments made by Defendants Haws and Davis regarding immunity in their official capacity from Plaintiffs' federal and state law claims. Plaintiffs stipulate that those claims are withdrawn based on the prior ruling of this Court. For the reasons set forth in this Court's August 27, 2010 Opinion and Order [DE 12], the official capacity claims against Gabbard and Harvey are likewise dismissed.

### C. Plaintiffs' Claims Against Gabbard and Harvey in Their Individual Capacity

Defendants argue, under *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996), and its progeny, that Plaintiffs' claims in their Amended Complaint against Gabbard and Harvey do not relate back to the original Complaint because there was a substitution of parties after the one-year

statute of limitations had expired. There was no "mistake" as to the identity of the proper parties, and the substituted parties did not have notice of the action within the limitations period. Plaintiffs do not disagree with these statements of the law [DE 16 at 6]. Rather, they contend these issues are moot in light of the tolling of the statute of limitations during their minority pursuant to KRS 413.170.

Kentucky's tolling statute provides in part:

If a person entitled to bring any action mentioned in KRS 413.090 to 413.160 ... was, at the time the cause of action accrued, an infant or of unsound mind, the action may be brought within the same number of years after the removal of the disability or death of the person, whichever happens first, allowed to a person without the disability to bring the action after the right accrued.

KRS 413.170(1). At the time of the alleged constitutional violations, June 3, 2009, Plaintiff K.S. was fourteen years of age, and J.S. was fifteen. [Amended Complaint, DE 3, ¶¶ 16, 18]. The age of majority in Kentucky is eighteen. KRS 2.015. Under a plain reading of KRS 413.170(1), the statute of limitations would not run until one year after K.S. and J.S. reached the age of eighteen. Accordingly, their Amended Complaint was filed and served within the limitations period.

Defendants rely on *Tallman v. City of Elizabethtown*, 2007 WL 3227599 (Ky. App. 2007), to argue that the tolling statute does not apply "because Plaintiffs elected to initiate litigation through their parents as Next Friends." [DE 11 at 6]. In *Tallman*, the Plaintiff's § 1983 claims were dismissed with prejudice and their state law claims dismissed without prejudice. Tallman appealed the § 1983 dismissal and lost. Only then did he file a state court wrongful death action, which was dismissed for failing to file it within ninety days of the original dismissal pursuant to KRS 413.270. The appeal did not continue to toll the limitations period on the state law claims because dismissal of the state claims was not appealed. In response to an argument that the minor children's claims for loss of consortium were tolled under KRS 413.170, the court said:

The Estate alternatively argues that the minor children's claims for loss of parental consortium were not barred by the statute of limitations. The Estate contends that KRS 413.170(1) tolls the limitations period of a minor's state law claim until the minor reaches majority. Here, however, the children's claims were prosecuted on

their behalf by their mother, as guardian and next friend. In light of the procedural history of this case, we are not persuaded that KRS 413.170(1) tolled the children's claims, and the Estate offers no other authority to support its position. Consequently, we find this argument to be without merit.

*Tallman* at *3. Based on this decision, Defendants argue that the benefit of KRS 413.170 is lost once a minor decides to proceed in a lawsuit by Next Friend.

Defendants also apprise the Court, as a matter of candor, that *Martin v. Cleadon Trucking Services, Inc.* 2006 WL 181864 (W.D. Ky. 2006), held that the protections of KRS 413.170 are not lost by appointment of a guardian. Defendants argue, however, that *Martin* does not address the present fact pattern.

Plaintiffs contend that the rationale of *Martin* does apply here.[1] The argument in *Martin*, that the protection of KRS 413.170 was removed when a guardian was appointed for an infant, was based on *Roberts v. George W. Hill & Co.*, 113 S.W.3d 156 (Ky. 2003). *Roberts*, however, was a worker's compensation claim controlled by KRS 342.210, which expressly states that no limitation of time shall run against "a minor dependent *so long as he has no committee, guardian or next friend,* or other person authorized to claim compensation for him under KRS 342.160." KRS 342.210 (emphasis added). The *Martin* court noted that "[t]here is nothing in the Motor Vehicle Reparations Act or KRS 413.170 similar to the language of KRS 342.210." *Martin*, 2006 WL 181864 at *2. Accordingly, the *Martin* court held:

> KRS 413.170 clearly states an action may be brought within the proper number of years after removal of disability allowed to a person without the disability to bring the action right after the right accrued. Plaintiff could bring this action within two years of removal of his disability. The appointment of a guardian did not alter that right.

*Id.*

Similar logic is found in *Newby's Administrator v. Warren's Administrator*, 126 S.W.2d 436 (Ky. 1939). There, the action was on the bond of a surety for a committee, Dodson, appointed for

---

[1] Plaintiffs assert that *Martin* is "a published opinion" and chastise Defendants for citing the unpublished opinion of *Tallman*. That argument is not persuasive, as neither opinion is "published."

Emily Newby, a person of unsound mind who died in 1929. Dodson died in 1926, and no successor was appointed. Newby's estate claimed funds due from the surety, but the surety argued the statute of limitations ran during Newby's disability because a Next Friend could have filed suit. Relying on KRS 421.170's predecessor , KS 2525 containing the same language, the court said:

> Emily Newby could not prosecute an action after the death of Mr. Dodson except by a next friend if she had mentality enough to find one. The result would be, had she lived more than seven years after Mr. Dodson's death, that her estate would be left without recourse against the surety after her disability was removed. Certainly such an inequitable rule should not be countenanced unless plainly required by the statutes.

*Newby*, 126 S.W.2d at 437. The Court continued:

> Certainly, if the appointment of a committee does not affect the operation of the statute, the right to proceed by a next friend would not do so either. Where the cause of action accrues to the individual under disability, the exemption of § 2525 was designed to protect him, and to hold that it did not, in an action that might also be maintained by a committee or next friend, would be to deny all efficacy to the statute.

*Id.* at 438.

In *Gaddie v. SunBridge Healthcare Corp.*, 2009 WL 413126 (W.D. Ky. 2009), a wrongful death action was brought on behalf of the estate of a person of unsound mind. SunBridge argued that the limitations statute was not tolled under KRS 413.170 "because Starla Gaddie, the administratrix of Neely's estate, acted on her behalf under a power of attorney prior to Neely's death. SunBridge urged that Gaddie could have filed suit on behalf of Neely; therefore, Neely's disability should not toll the running of the statute of limitations." *Id.* at *2. Citing *Newby* and *Martin*, the court said that Kentucky law is to the contrary. It held that Gaddie's acts as power of attorney prior to Neely's death "did not remove the disability, and the statute of limitations remained tolled until her death and Gaddie's appointment as administratrix of Neely's estate." *Id.*

Although the case did not involve a statute of limitations issue, the language of *Branham v. Stewart*, 307 S.W.3d 94 (Ky. 2010), is also instructive.

> Under Kentucky law, a next friend may bring an action on behalf of a minor. The next friend is the minor's agent under Kentucky law. And the minor is the real party in interest in any lawsuit filed on the minor's behalf by the minor's next friend. Kentucky case law has long boldly proclaimed that the minor "himself is the plaintiff" in cases filed by the minor's next friend.

*Id.* at 97.

To the extent a state law question is undecided, a federal court "must make 'the best prediction, even in the absence of direct state precedent, of what the Kentucky Supreme Court would do if it were confronted with [the] question.'" *Combs v. International Ins. Co.*, 354 F.3d 568, 577 (6th Cir. 2004) (quoting *Welsh v. United States*, 844 F.2d 1239, 1245 (6th Cir. 1988)). *See also Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 563 (6th Cir. 2008) ("When the issue has not been directly addressed, we must 'anticipate how the relevant state's highest court would rule in the case and are bound by controlling decisions of that court.'")(quoting *In re Dow Corning Corp.*, 419 F.3d 543, 549 (6th Cir. 2005)).

It is the opinion of this Court that the rationale in *Newby* is more persuasive than the absence of any discussion whatsoever and lack of supporting authority in *Tallman.* The tolling statute, KRS 421.170, is designed to protect a minor during the period of minority. Unlike KRS 342.210, this statute has no exceptions for a committee, guardian or next friend. Defendant's interpretation would require this Court to add an exception to the statute that the legislature did not provide. Although the action was brought by the Plaintiffs' mother as next friend, the minors are the plaintiffs and the real parties in interest. *Branham*, 307 S.W.3d at 97. It is the further opinion of this Court that the Supreme Court of Kentucky would not remove a minor's statute of limitation protection simply because a suit was filed by a next friend.

### D.      Plaintiffs' Claim for Money Damages and IIED Fail to State a Claim

Defendants moved to dismiss claims seeking money damages for alleged violations of the Kentucky Constitution. In *Clark v. Kentucky*, 229 F. Supp.2d 718 (E.D. Ky. 2002), this Court said:

The plaintiff does not cite any authority for the proposition that he may seek money damages from the Commonwealth of Kentucky for a violation of his rights as established by the Kentucky Constitution, and the Court can find none."

*Id.* at 727. Plaintiffs contend that the unpublished opinion of *Straub v. St. Luke Hospital, Inc.*, 2008 WL 5264284 (Ky. Ct. App. 2010) provides the authority that this Court found lacking in *Clark.*. There are several flaws in this contention. First, as the opinion shows on its face, discretionary review of *Straub* was granted by the Supreme Court of Kentucky on August 18, 2010. [DE 16, Ex. 1]. This Court can take judicial notice that when review is granted, the most probable outcome is reversal of the decision of the Court of Appeals.

Second, *Straub* did not hold that a claim for damages for violation of the Kentucky Constitution is viable under Kentucky law. That question was presented to the Court of Appeals [*Straub*, 2008 WL 5264284 at *8], but it was never addressed in the opinion. The only issues addressed regarding the constitutional claims were that they were not barred by issue preclusion, nor by the statute of limitations. [*Id.* at *15-16]. A negative inference that the claims are viable is possible, but that is too thin of a reed on which to base a decision as important as this one, especially since the Supreme Court has granted review of the *Straub* case. It is the opinion of this Court that *Clark* remains the present state of Kentucky law on the subject. Accordingly, Plaintiffs' claims for damages based on violations of the Kentucky Constitution will be dismissed.

Defendants further argue that Plaintiffs' claim for IIED must be dismissed because the tort of IIED is a "gap filler" that will not lie when claims for traditional torts are asserted that would allow damages for emotional distress and the conduct was not intended only to cause extreme emotional distress, citing *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 298-99 (Ky. Ct. App. 1993). Plaintiffs do not disagree with this statement of the law, but argue the gap filler status would be applicable if all other claims are barred by limitations. [DE 16 at 11]. Plaintiffs' alternative argument is moot, as all claims are not being dismissed. The separate claims for IIED will be dismissed.

III.    CONCLUSION

**IT IS ORDERED** that the motion to dismiss filed by Defendants Gabbard and Harvey [DE 11] is **GRANTED IN PART** and **DENIED IN PART**.  The motion to dismiss is **GRANTED** for: (1) all claims against Gabbard and Harvey in their official capacity; (2) Plaintiffs' claims for money damages under the Kentucky Constitution; and (3) Plaintiffs' claim of Intentional Infliction of Emotional Distress.  For all other claims, the motion is **DENIED**.

This October 6, 2010.

Signed By:

*Karl S. Forester*    K S F
**United States Senior Judge**