UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-217-KSF

T.S. AND T.S., AS NEXT FRIENDS TO
J.S. AND K.S.                                                                                                   PLAINTIFFS


V.                                              **OPINION & ORDER**


MITCHELL GABBARD, *et al.*                                                                      DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the plaintiffs, T.S. and T.S., as next friends of J.S. and K.S., to extend the discovery deadline by an additional 60 days and to extend the time within which the parties may supplement their currently pending dispositive motions by 60 days. According to the applicable Scheduling Orders, discovery is to be completed and the dispositive motions supplemented by April 16, 2012. In support of their motions, the plaintiffs contend that the Supreme Court's recent decision in *Florence v. Board of Chosen Freeholders of County of Burlington et al*, 566 U.S. ____ (April 2, 2012), which held that it was proper to strip search adult detainees upon admission to a jail or correctional facility, even if arrested for minor offenses, if they are to be detained in the general population of the jail, implicates this case and requires additional discovery. The Court disagrees for the following reasons.

First, the Court, through Magistrate Judge Wier, has already denied a request to stay this case pending a ruling in the *Florence* case [DE #61]. Second, the *Florence* case did not adopt any new constitutional test with respect to the evaluation of Fourth Amendment search claims asserted by pretrial detainees. Rather, the Supreme Court applied its existing precedent to resolve a circuit split concerning the constitutionality of blanket pretrial detainee strip searches concerning adult inmates

admitted to the general population. Moreover, the *Florence* case is irrelevant to this Court's analysis of the Plaintiffs' individual capacity claims for money damages. Because the Defendants are asserting qualified immunity as a defense, the Court must consider the law at the time the Defendants conducted the strip search. Finally, to the extent that the Defendants contend that the Plaintiffs' request for declaratory and injunctive relief related to the constitutionality of the DJJ's intake and body identification procedures is moot in light of the fact that DJJ no longer utilizes a completely unclothed intake screening procedure on juveniles admitted to secure detention facilities, the Court will consider this argument when ruling on the motions for summary judgment.

Accordingly, for these reasons, the Court **ORDERS** as follows:

(1) the Plaintiffs' motion for an extension of time to complete discovery [DE #63] is **DENIED**; and

(2) the Plaintiffs' motion for an extension of time to supplement pending dispositive motions [DE #63] is **GRANTED** only to the extent that the parties may file any necessary amendments to their respective pending summary judgment motions **NO LATER THAN APRIL 27, 2012**.

This April 17, 2012.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge