UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-217-KSF

T.S. AND T.S., AS NEXT FRIENDS TO
J.S. AND K.S.                                                                    PLAINTIFFS

V.                                          **OPINION & ORDER**

MITCHELL GABBARD, *et al.*                                                       DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the mandate issued by the Sixth Circuit Court of Appeals on March 24, 2014, remanding the case to this court [DE #90]. The Sixth Circuit held that the defendants are entitled to qualified immunity on all of the federal claims asserted by the plaintiffs [DE #88]. Accordingly, the plaintiffs' federal claims will be dismissed.

With respect to the remaining state law claims, the Sixth Circuit held that the defendants are not entitled to qualified immunity on those claims. This Court will decline to exercise its supplemental jurisdiction over these remaining claims. The Court's supplemental jurisdiction is governed by 28 U.S.C. § 1367, which provides district courts with discretion to decline to exercise their supplemental jurisdiction for the reasons listed in 28 U.S.C. § 1367(c). Relevant to this case is 28 U.S.C. § 1367(c)(3), which provides that a district court may decline jurisdiction over a supplemental state law claim once the court "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Additionally, the Sixth Circuit has held that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *Landefeld v.*

1

*Marion Gen. Hosp., Inc.*, 994 F2d 1178, 1182 (6th Cir. 1993)(quoting *Taylor v. First Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992)). Here, because all claims over which this Court had original jurisdiction have been dismissed, this Court will decline to exercise its supplemental jurisdiction over the remaining state law claims and will remand those to Breathitt Circuit Court.

Accordingly, the Court hereby **ORDERS** as follows:

(1) the plaintiffs' federal claims against the defendants are hereby **DISMISSED** based on qualified immunity;

(2) the plaintiffs' state law claims against the defendants are **REMANDED** to Breathitt Circuit Court;

(3) the Clerk of this Court shall mail a certified copy of this Order to the Breathitt Circuit Court Clerk; and

(4) this matter is **DISMISSED** and **STRICKEN** from the active docket.

This March 26, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

for Karl S. Forester, Senior Judge