UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| T.S., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 10-217-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION &** |
| JOHN DOE, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The plaintiffs are the parents of juveniles—J.S. and K.S.—who were arrested for underage drinking. *T.S. v. Doe*, 742 F.3d 632, 633 (6th Cir. 2014). After their arrest, law enforcement officers brought J.S. and K.S. to the Breathitt Regional Juvenile Detention Center. *See id.* at 633–34. Pursuant to the detention center's intake policy, guards strip-searched J.S. and K.S. upon their arrival. *Id.* After the plaintiffs got wind of the strip-searches, they initiated this action under 42 U.S.C. § 1983, arguing that the searches violated the Fourth Amendment. *See* R. 1-1 at 2. The defendants are the guards who conducted the searches, the supervisors of the detention center, and administrators with the Kentucky Department of Juvenile Justice. *T.S.*, 742 F.3d at 633–34.

After discovery, the defendants moved for summary judgment on the basis of qualified immunity. *Id.* at 635–36. The district court denied their motion, holding that they had violated the plaintiffs' clearly established constitutional rights. *Id.* The defendants pursued an interlocutory appeal, and the Sixth Circuit (in relevant part) reversed. *Id.* at 641 ("The district court erred in denying summary judgment to the defendants on the plaintiffs'

§ 1983 claims, and we therefore reverse."). The Sixth Circuit did not address whether the searches were constitutional, but explained instead that the juveniles asserted right to be free from the searches was not clearly established. *Id.*

Counsel for the plaintiffs has nevertheless moved for an award of attorney's fees. R. 92. Despite the appellate decision, he argues that his clients are the "prevailing party" under 42 U.S.C. § 1988. *See id.* For the reasons explained below, the plaintiffs did not "prevail" within the meaning of § 1988, and counsel is not entitled to fees.

## DISCUSSION

Congress has authorized courts to award a reasonable attorney's fee to "the prevailing party" in a suit to enforce a provision of 42 U.S.C. § 1983—that is, a suit brought against a state official alleging a violation of federal rights. 42 U.S.C. § 1988(b). "'Prevailing party' is a legal term of art." *McQueary v. Conway*, 614 F.3d 591, 597 (6th Cir. 2010) (some internal quotation marks omitted). The phrase does not embrace any party who gets what he wants after filing suit—it encompasses only those parties "in whose favor a judgment was rendered." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). Nor will a temporary or fleeting victory do the trick. A party must obtain "an enduring change in the legal relationship between herself and the state officials she sued." *Sole v. Wyner*, 551 U.S. 74, 86 (2007) (alterations omitted). Accordingly, a party who wins in the district court but loses on appeal is not the "prevailing party" within the meaning of the statute. *Diffenderfer v. Gomez-Colon*, 587 F.3d 445, 453 (1st Cir. 2009) ("Reversal on the merits deprives a plaintiff of 'prevailing party' status because it repudiates the favorable change in the parties' legal relationship effectuated by the

district court's judgment and holds that the plaintiff was never legally entitled to such relief.").

With that legal framework in place, the plaintiffs' problem comes into focus. Although the plaintiffs persuaded the district court that the defendants' actions were unconstitutional, the Sixth Circuit held that the defendants were entitled to qualified immunity. It therefore reversed the judgment of the district court as to the plaintiffs' § 1983 claims. *T.S.* at 641. So the plaintiffs obtained no valid judgment or order adjudicating their federal claims in their favor, and their suit affected no court-ordered change in their legal relationship with the defendants. Under *Buckhannon* and *Sole*, the plaintiffs therefore do not qualify as the "prevailing party."

The plaintiffs attempt to escape this conclusion in two ways. First, they note that the Sixth Circuit's opinion addressed qualified immunity only and made no mention of the district court's holding about the constitutionality of the searches. R. 93 at 8. The plaintiffs therefore conclude that the Sixth Circuit's decision left intact the district court's constitutional holding, so they prevailed.

This move is too cute by half. The Sixth Circuit held that the district court should have awarded summary judgment to the defendants. R. 88 at 12. That conclusion sufficed to dispose of the case. Although the plaintiffs could perhaps cite the district court's Fourth Amendment holding as persuasive authority in some future case, it has no bearing on who prevailed in this one. *See Hewitt v. Helms*, 482 U.S. 755, 761 (1987) (explaining that "a judicial statement that does not affect the relationship between the plaintiff and the defendant" does not make the plaintiff a prevailing party). Indeed, the Supreme Court has urged lower courts to think carefully about unnecessarily resolving knotty constitutional

questions for precisely this reason: Because pronouncements about the underlying constitutional merits of a suit in which the defendants are entitled to qualified immunity have "*no effect on the outcome of the case.*" *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011) (emphasis added); *see also Hewitt*, 482 U.S. at 762 ("There is no warrant for having status as a 'prevailing party' depend upon the essentially arbitrary order in which district courts or courts of appeals choose to address issues."). A district court's favorable legal conclusion is thus a far cry from the enduring legal change a plaintiff must obtain to qualify as a prevailing party. *See Hewitt*, 482 U.S. at 761–62.

The plaintiffs' second argument also comes up short. During this litigation, the defendants suspended the policy pursuant to which they strip-searched J.S. and K.S. R. 65-2. In some circumstances, a plaintiff who obtains a change in policy following the award of a preliminary injunction may qualify as the prevailing party. *McQueary*, 614 F.3d at 601. Analogizing themselves to such a party, the plaintiffs insist that they too prevailed. R. 98 at 1–3. But the plaintiffs here never won a preliminary injunction: The defendants changed their policy before the district court entered any order or judgment addressing the legal merits of the plaintiffs' federal claims. And a plaintiff whose lawsuit merely catalyzes the defendant into voluntarily changing course is not entitled to fees. *Buckhannon*, 532 U.S. at 609–10.

So how could the plaintiffs even commit this argument to paper? They point to an unusual order. One day before the defendants suspended the policy, the district court extended *sua sponte* the deadline by which the plaintiffs could name additional defendants. R. 46. In the order, the court opined that: "Based on preliminary research, the Court believes that [the strip-search policy] is unconstitutional . . . ." R. 46 at 1. The plaintiffs say

4

that this order was akin to a preliminary injunction, so they did not merely catalyze the defendants into voluntarily amending their policy. *See* R. 93 at 6–7; R. 98 at 1–2. Instead, they won a significant legal victory that compelled a change of course.

The order does not transform the plaintiffs into a prevailing party. The Sixth Circuit has cautioned that the "preliminary" character of a preliminary injunction and the requirement that the plaintiff achieve a lasting change in its legal relationship with the defendant generally counsel against awarding fees to parties who win preliminary injunctions only. *McQueary*, 614 F.3d at 601, 604 ("[W]hen a claimant wins a preliminary injunction and nothing more, that usually will not suffice to obtain fees under § 1988."). If those considerations usually weigh against deeming a party who wins a preliminary injunction a prevailing party, then they foreclose the plaintiffs' argument here. The order upon which the plaintiffs rely was even more "preliminary" than a preliminary injunction—the Court premised the order upon its "preliminary research." R. 46 at 1. And unlike a preliminary injunction, the Court's order had no legal effect on the defendants, let alone a lasting one: It did not invalidate the policy, it did not prohibit the defendants from enforcing the policy, and it did not entitle the plaintiffs to relief of any kind. It merely extended the deadline by which the plaintiffs could name additional defendants. It is hard to imagine either a more preliminary order or one that affected a less meaningful legal change. The plaintiffs' argument that the order is akin to a preliminary injunction therefore fails.

## CONCLUSION

The plaintiffs cannot identify any order or judgment that worked a lasting change in their legal relationship with the defendants. Absent such an order adjudicating the plaintiffs' federal claims in their favor, there is simply no basis upon which to deem them the

"prevailing party." At most, they catalyzed the defendants into voluntarily amending the disputed policy. And merely catalyzing voluntary change cannot support an award of attorney's fees.

Accordingly, it is **ORDERED** that:

(1) The plaintiffs' motion for fees, R. 92, is **DENIED**.

This the 27th day of June, 2014.

Signed By:
*Amul R. Thapar* AT
United States District Judge